# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Ismael Mendoza Rodriguez | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) USDC Case Number:  CR-15-00547-010 JD<br>) BOP Case Number:  DCAN415CR00547-010<br>) USM Number:  21201-111<br>) Defendant's Attorney:  K.C. Maxwell (Appointed) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: <u>One and Five</u>

☐ pleaded nolo contendere to count(s): _____ which was accepted by the court.

☐ was found guilty on count(s): _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) | Conspiracy to Distribute and Distribution of Controlled Substances | October 25, 2015 | One |
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | November 13, 2015 | Five |
| | | | |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s): _____

☑ All remaining counts are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/21/2018
_____
Date of Imposition of Judgment

_____
Signature of Judge
The Honorable James Donato
United States District Judge
_____
Name & Title of Judge

February 23, 2018
_____
Date

DEFENDANT:  Ismael Mendoza Rodriguez

CASE NUMBER:  CR-15-00547-010 JD

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
200 months.  This term includes 140 months on Count One; and 60 months on Count Five, to be served consecutively to Count One.

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☑ The Court makes the following recommendations to the Bureau of Prisons:
  The defendant be housed in Sheridan, Oregon, or as close to Oregon as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ am/pm on _____ (no later than 2:00 pm).

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ at _____ am/pm on _____ (no later than 2:00 pm).

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: <u>Five (5) years. This term consists of five years on Count One, and Three years on Count Five, to be served concurrently.</u>

The court imposes a five-year term of supervised release. However, upon release from imprisonment, the defendant will likely be deported and will not be in the United States to be supervised. At all times, the defendant shall comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement and, if deported, shall not reenter the United States without the express consent of the Secretary of the Department of Homeland Security.

If the defendant is deported, and within five year(s) of release from imprisonment returns to this country, legally or illegally, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of reentry. If the defendant for some reason is not deported and remains in this country, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of release from imprisonment

# MANDATORY CONDITIONS OF SUPERVISION

1)       You must not commit another federal, state or local crime.

2)       You must not unlawfully possess a controlled substance.

3)       You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4) ☐    You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5) ☑    You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6) ☐    You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7) ☐    You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work regularly at a lawful occupation, unless excused by the probation officer. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed)

_____          _____
Defendant                                                                    Date


_____          _____
U.S. Probation Officer/Designated Witness                    Date

## SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall pay any special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2.      The defendant shall not commit another Federal, State, or local crime.

3.      The defendant shall submit to a search of his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

4.      The defendant shall cooperate in the collection of DNA as directed by the probation officer.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 200 | N/A | Waived | None |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the fine/restitution.

☐ the interest requirement is waived for the fine/restitution is modified as follows:
_____

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows ¨:

**A** ☑   Lump sum payment of _____ $200 _____ due immediately, balance due

     ☐   not later than _____ , or
     ☑   in accordance with   ☐ C,   ☐ D, or   ☐ E, and/or   ☑ F below); or

**B** ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

**E** ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑   Special instructions regarding the payment of criminal monetary penalties:
     **When incarcerated, payment of criminal monetary penalties are due during imprisonment at the rate of not less
     than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility
     Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave.,
     Box 36060, San Francisco, CA 94102.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s): _____

☑   The defendant shall forfeit the defendant's interest in the following property to the United States: $1,302,503 in U.S. currency;
real property and improvements at 12179 Lombardy Avenue, Ballico, California, further 15 identified as APN 041-191-001;
Ruger P89 9mm Pistol, SIN 304-16421; Glock 26 Pistol 9mm, SIN LPF146; AK-47 Rifle, SIN M5020449; Remington 30-06,
742 Woodmaster Rifle with scope, SIN 7054684; Marlin .22 Rifle Glenfield Mode l60, SIN 18377705; Marlin .22 60W Rifle,
SIN 06203921; Ruger P89 Handgun, SIN 309-24676; Taurus .40 cal PT 100 AFS Pistol, SIN SCN82998; Taurus PT 111 Pro
9mm pistol, SIN TCV93005; Sears Roebuck 20 Gauge Shotgun; Llama Especial .22 caliber pistol bearing serial no. 327200;
Mossberg Model 88 12-gauge shotgun with an obliterated serial number; .30 caliber bolt-action rifle of unknown make, bearing
serial no. 3184; 2006 BMW 325I, CLP 5SNX394; 2010 Nissan Versa, CLP 7LFR679; and 2005 Chevrolet Equinox, CLP
6RRD027.

---

¨ Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

☐    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**