UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ISMAEL MENDOZA RODRIGUEZ,<br>Defendant. | Case No. 15-cr-00547-JD-10<br><br>**ORDER RE (1) SECTION 2255 AND GOVERNMENT RESPONSE, (2) RECONSIDERATION, AND (3) APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 572, 576 |

Ismael Mendoza Rodriguez is currently serving a sentence in a federal prison after pleading guilty to one count of conspiracy to distribute, and to possess with intent to distribute, a controlled substance, and one count of possession of a firearm in furtherance of a drug trafficking crime. Rodriguez pled guilty under a "C" plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. No. 252. Among other terms in the agreement, he admitted that the total amount of controlled substances attributable to him for the purposes of his relevant conduct was twelve pounds of methamphetamine (actual) and 528 grams of cocaine. *Id*. ¶ 2. Rodriguez also agreed to accept a term of imprisonment between 180 and 360 months, or 15 to 30 years. *Id*. ¶ 8.

The conspiracy count carried a mandatory minimum prison term of 10 years, and the firearm count carried a mandatory consecutive prison term of 5 years. *Id.* ¶ 1. After a detailed colloquy at the sentencing hearing, the Court accepted the C plea agreement, and imposed a term of 200 months in custody based on 140 months for the conspiracy count and 60 months for the firearm count, to be served consecutively. Dkt. No. 558. This sentence was just 20 months longer than the low end of custody Rodriguez agreed to in his plea agreement.

A few days before the limitations period lapsed, Rodriguez filed pro se a motion to vacate or set aside the sentence under 28 U.S.C. Section 2255. Dkt. No. 564. He filed an amended

1 motion several weeks later. Dkt. No. 572. He did not clear the amended motion with the Court before filing it, but in light of his pro se status, the Court accepts the new motion for consideration here. Overall, it is substantively the same as the original motion. Rodriguez has also asked for reconsideration of the order declining to appoint counsel for him in this post-conviction proceeding. *See* Dkt. Nos. 575, 576.

**I. SECTION 2255 MOTION**

Section 2255 provides, in pertinent part, that a federal prisoner may ask the sentencing court to vacate, set aside or correct his sentence if it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Rodriguez says that his lawyer was ineffective with respect to her advice on the plea agreement and potential sentences, and her failure to file a motion to suppress a search warrant and a notice of appeal.

To prevail on an ineffective assistance of counsel claim, Rodriguez must show (1) that his representation fell below objectively "reasonabl[e] effective assistance" and (2) a reasonable probability that the result was prejudiced by counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Deficient performance requires a demonstration that his lawyer made mistakes so serious that she could not be said to be acting like an attorney guaranteed by the Sixth Amendment. *Id*. at 687. The inquiry is not what counsel might have done, but whether her actual choices were reasonable. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). These are high standards, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Allegations that are merely conclusory are insufficient to support a claim for ineffective assistance of counsel. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). The *Strickland* tests apply to claims of ineffective assistance of counsel during a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Even when liberally construed, most of Rodriguez's claims do not warrant relief under Section 2255. To start, Rodriguez says that his plea agreement was involuntary or uninformed because his attorney made promises about sentencing that did not pan out. Nothing in the motion, or in the Court's independent review of the record, shows anything that might amount to a constitutional deprivation of effective counsel on this claim. Getting a sentence that exceeded

what Rodriguez hoped for or expected is not a per se indicator of ineffective assistance. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990). Rodriguez does not allege that his lawyer failed to disclose, or misled him about, the mandatory minimum term, or the possibility of a sentence beyond that, when providing advice on taking a plea.

Even if Rodriguez had alleged that, the result would not be different. That is because the Court expressly advised Rodriguez before accepting his guilty plea that (1) he faced a combined 15-year mandatory minimum sentence for the two counts, and (2) he might get a sentence he was not expecting but would not be able to withdraw his plea for that reason if it was within the agreed-upon range of 15 to 30 years. Plea Tr., Dkt. No. 560 at 16-19. The Court also advised Rodriguez before accepting his plea that "any estimates of how much time you might spend in prison or any estimates about the rest of your sentence that you have in your mind, that you either come up with independently or that you have discussed with other people, may not be accurate. However, you will not be allowed to withdraw your guilty plea if the sentence I ultimately impose is consistent with your plea agreement, but different from any predictions or estimates you currently have in mind." *Id*. at 19. Rodriguez said he understood this statement, and the facts of a 10-year mandatory minimum term followed by a consecutive 5-year mandatory term. *Id*. at 17, 19. These mandatory minimums and the Court's discretion to sentence Rodriguez within the agreed-upon 15 to 30-year range were also disclosed in the written plea agreement, which Rodriguez said he understood before he signed it. *Id*. at 10; Dkt. No. 252 ¶¶ 1, 7-8.

Consequently, Section 2255 relief on this basis is denied. There are no grounds for an ineffective assistance claim in these circumstances. *Gonzalez v. United States*, 33 F.3d 1047, 1051-52 (9th Cir. 1994). An evidentiary hearing is not required in light of this record. *Doganiere*, 914 F.2d at 168.

Rodriguez's other plea-related claims are also unavailing. He says that his lawyer passed up a better plea offer, and didn't tell him about other offers. *See* Dkt. No. 572 at 9, 15. But the Court expressly confirmed before accepting his plea that his lawyer had shared with him "all the formal plea offers by the government." Dkt. No. 560 at 12. Nothing in the record or the motion suggests otherwise. Rodriguez also says he was prejudiced by not getting the plea agreement in

3

1    Spanish, but the record shows that he had a Spanish language interpreter at every step of the
2    relevant proceedings, including when reading the plea agreement before signing it and in court.
3    *See* Dkt. No. 252 at 10; Dkt. No. 560 at 2, 5, 10-12.  That forecloses a language-based challenge to
4    his plea or sentence.  *United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir. 1998).

5    Rodriguez next contends his lawyer was ineffective for not challenging a search warrant
6    used to obtain firearms, drugs and other evidence from his residence.  To prevail on a claim of
7    ineffective assistance of counsel for failing to file a motion to suppress evidence seized in an
8    unlawful search, a prisoner must also prove that (1) his Fourth Amendment claim was meritorious,
9    and (2) there is a reasonable probability that the result of the proceeding would have been different
10   absent the excludable evidence.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

11   Rodriguez has not satisfied either requirement.  The only argument he makes is that the
12   warrant was "tainted" because it listed his address as "unit #2," when in fact he resided in "unit
13   #3," which is where the search actually happened.  Dkt. No. 572 at 6, 8.  Even if this is fully
14   credited as true, such a minor technical error is not inherently enough to invalidate a search.  *See*
15   *United States v. Mann*, 389 F.3d 869, 876-77 (9th Cir. 2004), *cert. denied*, 125 S. Ct. 1719 (2005);
16   *United States v. Turner*, 770 F.2d 1508, 1511 (9th Cir. 1985).  The record shows that law
17   enforcement agents had surveilled Rodriguez's residence, and monitored his phone calls and GPS
18   location records, for months prior to executing the warrant.  Dkt. No. 1 (DEA affidavit for
19   criminal complaint); Dkt. No. 252 ¶ 2.  In light of the totality of these circumstances, it cannot
20   reasonably be said that the warrant lacked sufficient particularity, or that Rodriguez would have
21   prevailed at a suppression hearing.  *See Bailey v. Newland*, 263 F.3d 1022, 1029 (9th Cir. 2001).
22   It is also worth noting that Rodriguez joined a motion to suppress electronic surveillance evidence,
23   which he dropped out of after pleading guilty.  *See* Dkt. Nos. 230, 241, 266 at 1 n.1.  While not a
24   dispositive fact by any means, this indicates that his lawyer was engaged and active in evaluating
25   challenges to the government's surveillance and search evidence.

26   The Section 2255 result is different for the notice of appeal issue.  In the amended motion,
27   Rodriguez says that he expressly asked his lawyer to file a notice of appeal, and had received
28   assurances that she was handling it.  In fact, she did not file a notice, and Rodriguez was left to file

4

his own approximately nine months after entry of judgment. Dkt. No. 537. The appeal was dismissed as untimely. Dkt. No. 567.

The Supreme Court recently determined that counsel's failure to file a notice of appeal when asked to do so by the defendant, even when, as here, the defendant waived his appeal rights in a plea agreement, is presumptively ineffective assistance under *Strickland*. *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019); *see also United States v. Fabian-Baltazar*, 931 F.3d 1216, 1217 (9th Cir. 2019). This is enough to warrant further exploration of the issue along the lines discussed in the next section.

## II. RECONSIDERATION, APPOINTMENT OF COUNSEL AND NEXT STEPS

The Court declined Rodriguez's initial request for appointment of a lawyer because there is no right to counsel in post-conviction proceedings, and the facts at the time did not indicate any likelihood of success on the merits. Dkt. No. 575. Rodriguez has asked for reconsideration of this issue. Dkt. No. 576. While the request does not meet the requirements of Civil Local Rule 7-9, Rodriguez is proceeding pro se and the amended Section 2255 motion made clear for the first time in this case that *Garza* might be a factor.

The government will be given an opportunity to challenge Rodriguez's claim under *Garza*, and the facts related to it, such as whether he asked counsel to file a notice of appeal. *See Fabian-Baltazar*, 931 F.3d at 1218. Counsel is appointed for Rodriguez to handle this issue on his behalf. Once counsel is in place, the parties are directed to propose a briefing schedule on the *Garza* issue, and to discuss whether an evidentiary hearing is required. *See id*. No other issues or claims may be briefed or argued at this time.

**IT IS SO ORDERED.**

Dated: January 3, 2020

JAMES DONATO
United States District Judge