UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ISMAEL MENDOZA RODRIGUEZ,<br>Defendant. | Case No. 4:15-cr-00547-JD-10<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE SECTION 2255 MOTION TO VACATE**<br><br>Re: Dkt. Nos. 599 |

Ismael Mendoza Rodriguez is currently serving a sentence in a federal prison after pleading guilty to one count of conspiracy to distribute, and to possess with intent to distribute, a controlled substance, and one count of possession of a firearm in furtherance of a drug trafficking crime. Rodriguez pled guilty under a "C" plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Dkt. No. 252. Among other terms in the agreement, he admitted that the total amount of controlled substances attributable to him for the purposes of his relevant conduct was twelve pounds of methamphetamine (actual) and 528 grams of cocaine. *Id.* ¶ 2. Rodriguez also agreed to accept a term of imprisonment between 180 and 360 months, or 15 to 30 years. *Id.* ¶ 8.

The conspiracy count carried a mandatory minimum prison term of 10 years, and the firearm count carried a mandatory consecutive prison term of 5 years. *Id.* ¶ 1. After a detailed colloquy at the sentencing hearing, the Court accepted the C plea agreement, and imposed a term of 200 months in custody based on 140 months for the conspiracy count and 60 months for the firearm count, to be served consecutively. Dkt. No. 558. This sentence was just 20 months longer than the low end of custody Rodriguez agreed to in his plea agreement.

Approximately nine months after sentencing, Rodriguez filed a pro se notice of appeal to the Ninth Circuit. Dkt. No. 537. The appeal was dismissed as untimely. Dkt. No. 567.

Rodriguez also filed a pro se motion to vacate or set aside the sentence under 28 U.S.C. § 2255. Dkt. No. 564. He filed an amended motion, Dkt. No. 572, several weeks later without

leave, which the Court accepted in light of his pro se status. Dkt. No. 584 at 2. The Court denied the motion in all respects except one: Rodriguez alleged that he had asked his lawyer immediately after sentencing to file a notice of appeal, and that the lawyer did not follow this request. *Id*. at 4. Although Rodriguez knowingly and voluntarily waived his right to appeal his conviction or sentence, he retained the single ground of ineffective assistance of counsel for an appeal. *See* Dkt. No. 252 ¶ 4. The Supreme Court has determined that counsel's failure to file a notice of appeal when asked to do so by the defendant, even when, as here, the defendant waived his appeal rights in a plea agreement, is presumptively ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Garza v. Idaho*, 139 S. Ct. 738, 749 (2019); *see also United States v. Fabian-Baltazar*, 931 F.3d 1216, 1217 (9th Cir. 2019).

Consequently, the Court determined that further exploration of the appeal request was warranted. Dkt. No. 584 at 5. The Court directed the government to respond to Rodriguez's claim under *Garza* and the facts related to it. *Id*. The Court also appointed counsel to represent Rodriguez on the issue. *Id*.

The parties filed conflicting evidence. Rodriguez re-alleged that he made the request. *See* Dkt. No. 599 at 5. Attorney K.C. Maxwell, who represented Rodriguez through sentencing in the underlying criminal case, submitted a declaration stating that she had not received that instruction. *See* Dkt. No. 608-3 ¶ 4.

To resolve this dispute of fact, the Court held an evidentiary hearing on October 25, 2021. Dkt. No. 645; *Fabian-Baltazar*, 931 F.3d at 1218 (9th Cir. 2019). The ineffective assistance claim put into play Rodriguez's communications with attorney Maxwell about filing a notice of appeal. "It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003).

Rodriguez and attorney Maxwell testified in court. The Court enters the following findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(1).

**FINDINGS OF FACT**

1. Rodriguez was represented by attorney Maxwell from her appointment as his lawyer in November 2015 through sentencing. Hearing Transcript (Hr. Tr.) at 13:5-6.[1]

2. Attorney Maxwell is an experienced criminal defense attorney who has practiced for over 20 years in the field. *Id*. at 12:8-16. She knew that she had an obligation to file a notice of appeal at a client's request within 14 days of entry of judgment, without any discretion to not file it. *Id*. at 12:17-13:1.

3. Although Rodriguez spoke English well, attorney Maxwell used a Spanish language interpreter to discuss important issues and concepts with him to be sure he understood. *Id*. at 14:13-20.

4. Before Rodriguez signed the plea agreement, attorney Maxwell counseled him about the appeal waivers in the agreement, and answered his questions about the waivers. An interpreter was present for these discussions. *Id*. at 14:21-15:16; 15:23-25. Attorney Maxwell specifically discussed with Rodriguez the advantages and disadvantages that he might face in taking an appeal. *Id*. at 29:17-24.

5. Based on these discussions, attorney Maxwell concluded that Rodriguez understood he was waiving his right to appeal for the most part by entering his plea agreement. *Id*. at 15:10-22; 16:1-4.

6. Rodriguez never expressed to attorney Maxwell a desire to file an appeal between the entry of his guilty plea and the date of his sentencing. *Id*. at 16:5-8.

7. Prior to sentencing, attorney Maxwell believed she had made a reasonable effort to determine whether Rodriguez wanted to file an appeal, and concluded that he did not. *Id*. at 29:25-31:11.

---

[1] The Court cites the record only when it is of particular utility to do so. *See Norcia v. Samsung Telecomms. Am., LLC*, No. 14-CV-00582-JD, 2014 WL 4652332, at *1 n.2 (N.D. Cal. Sept. 18, 2014), *aff'd*, 845 F.3d 1279 (9th Cir. 2017).

1        8.      Attorney Maxwell met with Rodriguez for three hours on the day of his sentencing, before the hearing took place, during which Rodriguez never mentioned wanting to file an appeal. *Id*. at 18:4-14.

         9.      Attorney Maxwell did not speak with Rodriguez on his way out of the courtroom after sentencing.  *Id*. at 18:23-25.

         10.     Attorney Maxwell did not get a request from Rodriguez after the sentence was imposed to file a notice of appeal for him.  *Id*. at 19:15-24.

         11.     Rodriguez and his family had a cell phone number for attorney Maxwell, which they had used before sentencing to communicate with her.  Neither Rodriguez nor his family called her after the sentencing hearing to request that she file a notice of appeal.  *Id*. at 21:13-22:12

         12.     For his part, Rodriguez testified that he talked with an interpreter right after the sentence was imposed and before he was escorted from the courtroom by United States Marshals Service deputies.  When asked by the Court, "did you talk directly to your lawyer about filing an appeal?", Rodriguez said, "With the interpreter."  *Id*. at 10:4-17.

## CONCLUSIONS OF LAW

Section 2255 provides, in pertinent part, that a federal prisoner may ask the sentencing court to vacate, set aside, or correct his sentence if it was imposed in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255(a).  One ground for asking the sentencing court to vacate a sentence is ineffective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  *Strickland* requires that a petitioner show that (1) his representation fell below objectively "reasonabl[e] effective assistance" and (2) a reasonable probability that the result was prejudiced by counsel's actions.  *Id*. at 687-88.  Where "counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).  In that circumstance, "prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'"  *Garza*, 139 S. Ct. at 742 (quoting *Roe*, 528 U.S. at 484).

A failure of counsel to file a notice of appeal in light of clear directions and requests to do so constitutes deficient performance by counsel that deprives a defendant of an appeal that he otherwise would have taken. *Id*. at 746. This is so even when the defendant has waived an appeal in a plea agreement. *Id*. at 747; *see also Fabian-Baltazar*, 931 F.3d at 1217. In evaluating a Section 2255 motion that alleges an attorney was expressly instructed to file a notice of appeal, the Court must determine "whether such an instruction was given, and if not, whether counsel failed to consult, and if so whether that failure constituted deficient performance." *Fabian-Baltazar*, 931 F.3d at 1218. The term "consult" has the specific meaning of "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 478.

The evidence adduced at the hearing establishes that Rodriguez did not ask his lawyer to file a notice of his appeal before or after he was sentenced. Attorney Maxwell testified that she and Rodriguez had discussed the pros and cons of waiving an appeal on several occasions before sentencing, and that Rodriguez was of a mind not to appeal. As the Court determined in a prior order, it expressly examined Rodriguez at his change of plea about the waiver of an appeal, and concluded that he understood and agreed to the waiver. *See* Dkt. No. 584 at 1. Attorney Maxwell also testified that she knew she had a non-discretionary obligation to file a notice of appeal if asked, but that Rodriguez did not ask her to file a notice of appeal after he was sentenced, even though he and his family knew how to reach her by phone.

The Court finds that attorney Maxwell's testimony was credible and to the point. Rodriguez did not expressly contradict any of her testimony. At most, he said that he spoke to an interpreter about filing an appeal, and not to attorney Maxwell herself. Even giving this testimony full credit, a comment to an interpreter is not grounds for an ineffective assistance claim under *Strickland*, *Roe*, or *Garza*. Rodriguez's counsel at the evidentiary hearing agreed with this conclusion. Hr. Tr. at 34:13-35:17.

Consequently, the Section 2255 motion is denied.

**IT IS SO ORDERED.**

Dated: November 2, 2021

JAMES DONATO
United States District Judge